JAMES S. MURPHY, *Appellee*, V. THE EDGAR ZINC COM-
PANY, *Appellant*.

No. 16,724.

1. MASTER AND SERVANT—*Injury to Employee—Assumption of
   Risk.* The rule applied that before a master can be relieved
   of liability by the servant's assumption of the risk incident to
   the service the servant must have equal opportunity with the
   master to know the surroundings, and be equally competent to
   judge of the risks and hazards.

2. SPECIAL FINDINGS—*Negligence—Election of Ways.* In an
   action by a servant to recover for personal injuries the de-
   fendant was not entitled to judgment on the special findings.

Appeal from Wilson district court. Opinion filed
December 10, 1910. Affirmed.

*O. P. Ergenbright,* for the appellant.

*James A. Brady,* and *Francis M. Brady,* for the ap-
pellee.

*Per Curiam:* The demurrer to the evidence was
properly overruled. Although the plaintiff admitted
in his testimony that during the time he used the push
cars he learned that some of them worked harder than
others, and that he knew this was because the cars
stood out in the weather and got rusted and were never
oiled, and that they would have run easier if they had
been oiled, there is no testimony from which it can be
said as a matter of law that he appreciated or should
have appreciated the danger of falling from the wall by
reason of the car suddenly stopping. Before the master
can be relieved of liability by the servant's assumption
of the risk incident to the service the servant must have
equal opportunity with the master to know the sur-
roundings, and be equally competent to judge of the
risks and hazards. The very cases cited by the de-
fendant in support of its contention (*Rush, Adm'x, v.
Mo. Pac. Rly. Co.,* 36 Kan. 129, and *Clark v. Mo. Pac.*

*Rly. Co.,* 48 Kan. 654) recognize the requirement that the servant appear to have been equally competent with the master to judge of the risks.  In *Rush, Adm'x, v. Mo. Pac. Rly. Co.,* supra, it was held that the surroundings were such that the danger must have been known to the employee and therefore he assumed the risk.  To the same effect is *Buoy v. Milling Co.,* 68 Kan. 436, *Gillaspie v. Iron-works Co.,* 76 Kan. 70, and *Railway Co. v. Quinlan,* 77 Kan. 126.  In *Clark v. Mo. Pac. Rly. Co.,* supra, the servant was held to have assumed the risk because he had equal knowledge of the conditions and surroundings and knew of the dangers and hazards.  There are, of course, cases where the court can say upon the facts, as a matter of law, that the servant must have known, as in *Gillaspie v. Iron-works Co.,* supra, where the employer was held not liable because "the facts and the danger were within the comprehension of any ordinarily intelligent and prudent man and were as completely within the knowledge and appreciation of the servant as of the master."   (Syllabus.)

The defendant was not entitled to judgment on the special findings.  While the findings show that between the rails of the track was a safe place to walk while pushing a loaded loom car, and that there was nothing to prevent the plaintiff from walking there while pushing the car at the time he was injured, the jury further found, in answer to question No. 18, that a loaded car could not be pushed around the curve safely and easily by the operator pushing and walking directly behind the car.  The effect of these findings, taken together, is that there were two ways in which the car could be pushed, one more easily than the other.  Although one of these ways was doubtless safer than the other, there is no finding from which it can be said that it was negligence for the plaintiff to walk on the narrow space which he testified it was necessary for him to do in order to push the car around the curve or that an ordinarily prudent person would not have done so.

Although this was an ordinary action by a servant to recover for injuries caused by the alleged negligence of the master, it requires fifteen printed pages of the abstract to set out the petition.  The defendant moved to require the petition to be made more definite and certain in forty-six particulars.  The motion was denied and a demurrer was overruled, and these rulings are complained of.  In the brief the defendant abandons all but fourteen of the grounds of the motion, and as none of those remaining appears to be sufficient it must be held that the ruling of the court thereon was correct.  The petition stated with a great deal of useless repetition the facts upon which the plaintiff relied to entitle him to recover, but stated a good cause of action as against the demurrer.

The court properly denied the request to submit to the jury the question whether the plaintiff, in walking on the wall while pushing loaded loom cars, took upon himself the risk of falling.  That was a question of law, and not of fact.

We find no error in the judgment, and it is affirmed.